**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CONSTEMECKA RUSSELL,** )<br>**individually and on behalf of others** )<br>**similarly situated,** )<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**ILLINOIS BELL TELEPHONE CO.,** )<br>**Defendant.** ) | **Case No. 08 C 1871** |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Constemecka Russell, a former call center employee of Illinois Bell Telephone

Company, has sued Illinois Bell under the Fair Labor Standards Act (FLSA), 29 U.S.C.

§§ 206 & 207, seeking unpaid overtime wages and other relief.  On September 15,

2008, the Court conditionally certified a class of Illinois Bell employees.  *Russell v. Ill.*

*Bell Tel. Co.*, 575 F. Supp. 2d 930 (N.D. Ill. 2008).  The Court presumes general

familiarity with the background set forth in that decision.

The case is before the Court on Illinois Bell's motion to compel the depositions of

thirty-eight individual plaintiffs and to dismiss three individual plaintiffs.  Additionally,

plaintiffs have moved for a protective order.  For the reasons set forth below, the Court

grants the motions in part and denies them in part.

1

**Discussion**

**1.      Illinois Bell's motion to compel and to dismiss**

      **a.      Additional depositions**

There are 522 individual members of the plaintiff class, an opt-in class as is the norm in FLSA cases.  To date, Illinois Bell has deposed twenty-four plaintiffs.  Each side selected twelve of the deponents.  Illinois Bell seeks leave to depose thirty-eight additional plaintiffs.  Plaintiffs oppose any additional depositions.

Collective FLSA actions in this District generally proceed under a two-step process.  *See Garcia v. Salamanca Grp., Ltd.*, No. 07 C 4665, 2008 WL 818632, at * 2 (N.D. Ill. Mar. 24, 2008) (collecting cases).  At the first stage, the plaintiff must show that there are similarly situated employees who are potential claimants.  *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004).  Plaintiffs have previously satisfied this requirement, resulting in conditional certification of the class.  *See generally Russell*, 575 F. Supp. 2d at 930-38.  At the second stage, following the completion of the opt-in process and further discovery, Illinois Bell may ask the Court to "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'"  *Jirak v. Abbott Labs., Inc.*, No. 07 C 3626, 2008 WL 2812553, at *2 (N.D. Ill. Jul. 22, 2008) (quoting *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007)).  If the Court determines that such similarities do not exist, it may revoke the conditional certification.

Illinois Bell contends that it needs to depose additional individual plaintiffs to

2

support its anticipated motion to decertify the class.  The thrust of Illinois Bell's argument is that the depositions conducted to date reveal important differences between the opt-in plaintiffs and the named plaintiff and that additional depositions will enable Illinois Bell to fully develop these points.  Plaintiffs dispute this contention.

Plaintiffs contend, and Illinois Bell concedes, that in opt-in class actions under the FLSA it is generally appropriate to conduct representative discovery as opposed to class-wide individualized discovery.  *E.g.*, *Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (authorizing depositions on a representational basis). The parties dispute, however, how many opt-in plaintiff depositions Illinois Bell requires in order to depose a fair representation of the class.  As the cases cited in both sides' briefs reflect, district courts are vested with broad jurisdiction in this regard.  Perhaps unsurprisingly, courts have reached a wide array conclusions, ranging from permitting depositions of every opt-in plaintiff to permitting less than three percent, depending on the facts and circumstances of the particular case.

Illinois Bell has presented evidence of some arguable dissimilarities among the opt-in plaintiffs after having deposed roughly four percent of the plaintiffs, half of whom were selected by plaintiffs' counsel.[1]  The claimed need to test the opt-in plaintiffs' (dis)similarities is enhanced by the fact that the plaintiffs were spread across four separate work locations.  Because only twelve of the opt-in plaintiffs who have been deposed were not selected by plaintiffs' counsel, additional depositions are appropriate,

---

[1]This observation should not be taken as guidance with respect to Illinois Bell's anticipated motion to decertify the class.  That is an issue for another day, and the Court expresses no view on the potential merits of such a motion.

though not the thirty-eight requested by Illinois Bell.  The court authorizes Illinois Bell depose fifteen additional opt-in plaintiffs.  This will result in depositions of over seven percent of the class members in all, the vast majority of which will have been chosen by chosen by Illinois Bell.  This will enable Illinois Bell to develop adequately the issues relevant to its anticipated decertification motion without imposing an undue burden on plaintiffs.[2]

In opposing Illinois Bell's motion, plaintiffs contend that Illinois Bell has asked some inappropriate questions in prior depositions of opt-in plaintiffs.  The Court construes that objection as a request by plaintiffs to limit the scope of any future depositions.  To that end, Illinois Bell is barred from asking the opt-in plaintiffs questions regarding (a) arrests, (b) criminal charges not resulting in convictions, and (c) family issues (e.g., marital status or children).  Illinois Bell has failed to advance any viable argument that those areas have any conceivable relevance to the decertification issue or to the litigation generally.  Illinois Bell may, however, continue to inquire about deponents' felony convictions and bankruptcy filings (questions regarding the latter are limited to the period covered by the plaintiffs' claims in this case, through the present).

### b.    Failure to attend depositions

Three individual plaintiffs, Swinney, Tillman, and Garcia, have failed to appear for depositions.  At least one them has done so on multiple occasions.  Illinois Bell

---

[2]It is conceivable that if and when Illinois Bell files its motion to decertify the class, plaintiffs will submit affidavits in opposition to that motion from not-yet deposed class members.  If that occurs, Illinois Bell will be permitted to depose those individuals before filing its reply brief.  Any such individual plaintiffs will be required to make themselves available for depositions within three weeks after plaintiffs file their response brief.

requests that their claims be dismissed for violating their discovery obligations.  Though Rule 37(d)(3) provides this Court with authority to dismiss a plaintiff's claim for discovery violations, that remedy "is appropriate when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Powers v. Chicago Transit Auth.*, 890 F.2d 1355, 1362 (7th Cir. 1989); Fed. R. Civ. P. 37(d)(3).  The Court concludes that dismissal of Swinney, Tillman, and Garcia's claims is not yet warranted, especially in light of the fact that Illinois Bell did not, before seeking dismissal, move to compel their depositions.

Swinney, Tillman, and Garcia are, however, required to reimburse Illinois Bell for all of its out-of-pocket expenses incurred as a result of their cancelling or failing to appear for their depositions, including court reporters fees and travel expenses.  Fed. R. Civ. P. 37(d)(1)(a)(i).  Furthermore, Swinney, Tillman, and Garcia shall make themselves available for depositions no later than May 28, 2009.  Failure to do so will result in dismissal of their claims.

**2.      Plaintiffs' motion for a protective order**

Plaintiffs request a protective order excusing them from responding to requests for admission (RTA) and requests for the production of documents (RFP) propounded by Illinois Bell.

The RTAs were sent to opt-in plaintiffs that have not been deposed.  Each set of RTAs is identical containing ten requests.  The ten requests essentially ask the plaintiff to admit that Illinois Bell did not violate her FLSA rights (e.g., "Admit that you did not perform any work on behalf of Defendant without compensation after the end of your scheduled shift.").  Pls.' Mot for a Protective Order at 4-5.  Each of the ten requests is a

5

variation pertaining to a different alleged violation of the FLSA.

District courts have broad discretion over matters relating to discovery.  *E.g.*, *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002); Fed. R. Civ. P. 26(b)(2).  The Court agrees with plaintiffs that the responding to the RTAs would be unduly burdensome based on the circumstances of this case.  As noted above, Illinois Bell is entitled to depose a reasonable and sufficient number of opt-in plaintiffs. Requiring the plaintiffs to respond to hundreds of RTAs, however, is unreasonable and will not advance the ball in this litigation.  It is fair to assume that each plaintiff will deny the RTAs that pertain to her FLSA claim, leaving Illinois Bell without any additional information regarding similarities or dissimilarities among the class members. Conversely, requiring plaintiffs to respond to the RTAs would impose a significant burden on them and an enormous burden on their counsel, and it would defeat the purpose of utilizing representative discovery in FLSA class actions.  *E.g.*, *Adkins*, 143 F.R.D. at 174.

The RFPs were sent to opt-in plaintiffs who had not been previously been served with written discovery.  They consist of four narrowly drawn requests for documents that would support or refute the particular plaintiff's FLSA claims.  The RFPs are more likely to yield relevant evidence than the RTAs.  For example, disclosure regarding whether a plaintiff kept notes of when she allegedly worked overtime without appropriate compensation might be probative of whether such conduct actually occurred or the extent of it.  Additionally, disclosure regarding whether a plaintiff possesses documents she contends required her to work overtime without compensation might be probative whether such a policy actually existed regarding or the whether plaintiff misinterpreted

6

some policy of directive of Illinois Bell.

Moreover, certain actions by plaintiffs' counsel have elevated the importance of the RFPs.  During the deposition of one opt-in plaintiff, that deponent made reference to a document she contended Illinois Bell provided that informed her she would not be paid if she logged off of her phone.  Plaintiffs' counsel had not produced this document before the deposition, contending it was not responsive to a document request.  Plaintiffs respond that the disclosures they made pursuant to Rule 26(a)(1) obviate the need for individual RFPs.  The actions of plaintiffs' counsel, however, undermine that contention.

Illinois Bell's RFPs are narrowly tailored, seek relevant information, and will not impose an undue burden on plaintiffs.  Accordingly, the Court denies plaintiffs' motion for a protective order regarding the RFPs.

## Conclusion

For the reasons stated above, the Court grants Illinois Bell's motion to compel in part [# 140].  Illinois Bell may depose fifteen additional opt-in plaintiffs of its own selection, subject to the topical limits identified by the Court.  Plaintiffs Swinney, Tillman, and Garcia are required to reimburse Illinois Bell for all out-of-pocket costs incurred by Illinois Bell as a result of their cancelling or failing to appear for their depositions.  Swinney, Tillman, and Garcia are ordered to make themselves available to be deposed by Illinois Bell on or before May 28, 2009.  The motion to compel is otherwise denied.  The Court also grants plaintiffs' motion for a protective in part [#148].  Plaintiffs are not required to respond to the requests for admission propounded by

Illinois Bell.  The motion for a protective order is otherwise denied.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 30, 2009